UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CAROL O. OBOT,

                Plaintiff,

                                                ORDER
      v.                                                  04-CV-784A

CITIBANK SOUTH DAKOTA, N.A.,

                Defendant.

---

        Plaintiff, Carol O. Obot, filed the instant action, *pro se*, on September 28, 2004.  Along with her complaint, she filed a motion for a temporary restraining order ("TRO"), and a preliminary injunction.  That same day, September 28th, the Court denied the motion for a TRO.  On October 1, 2004, plaintiff moved for reconsideration of the Court's denial of the TRO.  On October 6, 2004, the Court denied the motion for reconsideration.

        On February 24, 2005, the Court issued an Order denying plaintiff's motion for a preliminary injunction and requiring plaintiff to show cause, in writing, as to why the case should not be dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to complete service within 120 days of filing the complaint.

        On March 17, 2005, plaintiff filed an affirmation in response to the Court's February 24th Order.  In her affirmation, she states that service was completed pursuant to Rule 4(h)(1) of the Federal Rules of Civil procedure on September 30, 2004.

Attached to her affirmation is a "Certification of Service" signed by Otu A. Obot (presumably some relation to the plaintiff), indicating that on September 30th, he served the summons and complaint, by depositing them in the mail (the Certification does not state whether the mail was regular mail, first-class mail or certified mail), on: (1) Peter T. Roach, attorney for the defendant; (2) the President and CEO of the defendant; and (3) the Erie County Sheriff.  The Affirmation also indicates that copies of the summons and complaint were hand delivered to: (1) Nancy Frame, Esq., of the New York Secretary of State's Office in Buffalo, New York; and (2) Tim Hoffman, Esq., of the New York State Attorney General's Office in Buffalo, New York.

On April 27, 2005, the Court received an affirmation from Peter T. Roach, Esq., attorney for the defendant.[1]  Mr. Roach asserts that the issues raised in this case were already adjudicated in state court and urges the Court to dismiss this case on that basis.  Mr. Roach also asserts that service has not been completed in accordance with Rule 4(h).  He states that his investigation has shown that the New York Secretary of State has no record of any papers being filed against the defendant and that there is no record of any employees named "Nancy Frame" or "Tim Hoffman" as alleged in plaintiff's Certification of Service.

Rule 4(e)(1) of the Federal Rules of Civil Procedure states that, "[u]nless otherwise provided by federal law, service upon on individual . . . may be effected . . . pursuant to the law of the state in which the district court is located, or in which service is effected."  Rule 4(h)(1) adopts the same standard for corporations and also states

---

[1] The original of Mr. Roach's affirmation was sent directly to chambers.  The Clerk of Court is hereby ordered to file the Affirmation as part of this case.

that service of process upon a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1).   New York law allows for service on a corporation only by personal delivery "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y.C.P.L.R. § 311.  New York Business Corporation Law § 306(b)(1) further provides "that service of process on the secretary of state as agent of a domestic or authorized foreign corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state *in the city of Albany*, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement." (emphasis added).

       Here, plaintiff has not alleged or shown that the defendant waived service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  Nor has plaintiff shown that service was completed pursuant to Rule 4(h)(1).  As stated, under New York law, the defendant corporation cannot be served by mail.  In addition, under New York law, personal service upon the Secretary of State as an agent for the defendant corporation must be accomplished in Albany in order to be effective.  According to plaintiff's Certification of Service, personal service in this case was attempted in Buffalo, not Albany, and is therefore ineffective.

       Thus, because plaintiff has failed to make service of the summons and

complaint upon the defendant within 120 days after the filing of the complaint, the Court hereby dismisses the action without prejudice, pursuant to Rule 4(m).  The Clerk of Court is ordered to take all steps necessary to close the case.

  IT IS SO ORDERED.

            /s/ Richard J. Arcara

            _____
            HONORABLE RICHARD J. ARCARA
            CHIEF JUDGE
            UNITED STATES DISTRICT COURT

Dated: May      6     , 2005