UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAROL O. OBOT,

                              Plaintiff,

                                                      ORDER
              v.                                      04-CV-784A

CITIBANK SOUTH DAKOTA, N.A.,

                              Defendant.

## INTRODUCTION

          Plaintiff, Carol O. Obot, filed the instant action, *pro se*, on September 28,
2004.  Along with her complaint, she filed a motion for a temporary restraining order
("TRO"), and a preliminary injunction.  That same day, September 28th, the Court
denied the motion for a TRO.  On October 1, 2004, plaintiff moved for reconsideration
of the Court's denial of the TRO.  On October 6, 2004, the Court denied the motion for
reconsideration.

          On February 24, 2005, the Court issued an Order denying plaintiff's
motion for a preliminary injunction and requiring plaintiff to show cause, in writing, as to
why the case should not be dismissed, without prejudice, pursuant to Rule 4(m) of the
Federal Rules of Civil Procedure, for failure to complete service within 120 days of filing
the complaint.

          On March 17, 2005, plaintiff filed an affirmation in response to the Court's
February 24th Order.  In her affirmation, she stated that service was completed pursuant

to Rule 4(h)(1) of the Federal Rules of Civil procedure on September 30, 2004. Attached to her affirmation was a "Certification of Service" signed by Otu A. Obot (presumably some relation to the plaintiff), indicating that on September 30th, he served the summons and complaint, by depositing them in the mail (the Certification did not state whether the mail was regular mail, first-class mail or certified mail), on: (1) Peter T. Roach, attorney for the defendant; (2) the President and CEO of Citibank; and (3) the Erie County Sheriff.  The Affirmation also indicated that copies of the summons and complaint were hand delivered to: (1) Nancy Frame, Esq., of the New York Secretary of State's Office in Buffalo, New York; and (2) Tim Hoffman, Esq., of the New York State Attorney General's Office in Buffalo, New York.

On April 27, 2005, the Court received an affirmation from Peter T. Roach, Esq., attorney for the defendant.  Roach asserted that the issues raised in this case were already adjudicated in state court and urged the Court to dismiss this case on that basis.  Roach also asserted that service had not been completed in accordance with Rule 4(h).  He stated that his investigation has shown that the New York Secretary of State has no record of any papers being filed against the defendant Citibank and that there is no record of any employees named "Nancy Frame" or "Tim Hoffman" as alleged in plaintiff's Certification of Service.

By Order filed May 6, 2005, the Court dismissed the case, without prejudice, pursuant to Rule 4(m), based on plaintiff's failure to complete timely service. Plaintiff appealed.

By Mandate issued March 16, 2006, the Second Circuit Court of Appeals remanded the case back to this Court for a determination of the following issues:  (1)

2

whether Peter Roach is an agent of Citibank, S.D., upon whom service can be made for purposes of Rule 4(h)(1) and, if so, whether proper service was made on Roach; (2) whether Obot had demonstrated "good cause" for any deficiency in service of process as to warrant an extension of time pursuant to Rule 4(m); and (3) whether further development of the record is necessary to determine these service of process issues. The parties have submitted additional briefing regarding these issues.

## DISCUSSION

**1.    *Whether Peter Roach is an Agent of Citibank***

As a general rule, an attorney does not become his client's agent for service of process solely by reason of serving in the capacity as attorney. United States v. Bosurgi, 343 F. Supp. 815, 817-18 (S.D.N.Y.1972). "What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." Id.; see also Santos v. State Farm Fire and Cas. Co., 902 F.2d 1092, 1094 (2d Cir.1990). The plaintiff bears the burden of demonstrating that the defendant's attorney was authorized to receive service of process on behalf of the defendant. Weston Funding, LLC v. Consorcio G. Grupo Dina, S.A. de C.V., 2006 WL 2589207, at * 4 (S.D.N.Y. Aug. 31, 2006) (citations omitted).

Here, the only contention raised by plaintiff as to why Roach may be considered an "agent" of Citibank is that Roach previously represented Citibank in an

action in Buffalo City Court involving a credit card debt owed by the plaintiff.  Such fact,

even if true, is insufficient to make Roach an agent of Citibank for purposes of service

of process.  Gibbs v. Hawaiian Eugenia Corp., 581 F. Supp. 1269, 1271 (S.D.N.Y.1984)

(an attorney does not become a client's agent for service of process simply because the

attorney represented the client in an earlier action); Pinto v. House, 79 A.D.2d 361, 436

N.Y.S.2d 733, 735 (N.Y.A.D. 1st Dep't. 1981) (even though law firm represented

defendant on prior matter, that alone is insufficient to authorize service of process

under New York law).  Simply put, there is nothing in the record that would even

remotely suggest that Roach was defendant's agent for service of process.


**2.      *Whether Obot has Demonstrated "Good Cause"***

            "Good cause" to excuse deficient service generally requires proof of

"exceptional circumstances" that were "beyond [the plaintiff's] control."  Sleigh v.

Charlex, Inc., 2004 WL 2126742, at *4 (S.D.N.Y. Sept.14, 2004) (internal quotations

and citations omitted).  In making this determination, courts consider the plaintiff's

diligence in attempting to effect service, and any prejudice defendants may have

experienced by the delay.  Id.  A mistaken belief that service was proper does not

constitute "good cause" under Rule 4(m).  See Point-Dujour v. United States Postal

Serv., 2003 WL 1745290, at *2 (S.D.N.Y. Mar. 31, 2003) ("plaintiff makes no claim that

his failure to serve . . . should be excused for good cause.  To the contrary, he candidly

admits that he believed [service was proper] and no further service was needed."

(internal quotations omitted)).  Similarly, neglect and inadvertence do not suffice to

support good cause.  See Bakal v. Ambassador Constr., 1995 WL 447784, at *2

(S.D.N.Y. Jul. 28, 1995) ("the courts agree that mere advertence or attorney neglect do

not suffice [to establish good cause]").

As part of the determination of good cause for delay in service, courts

have looked at the length of time it has taken to effect proper service after receipt of

notice of a possible defect.  See, e.g., Point-Dujour, 2003 WL 1745290, at *3 ("To date,

nineteen months have passed during which the plaintiff has not made any effort to

effect proper service, although he had ample notice and opportunity to do so.  Since the

plaintiff offers no explanation or reasonable excuse for his failure to complete service

properly, dismissal is warranted.").

Applying these principles to the instant case, the Court finds that plaintiff

Obot has failed to establish "good cause."  By its Order of February 24, 2005, the Court

put Obot on notice that there was a potential problem regarding service of process.

Yet, Obot never asked for an extension of time to effect proper service; she simply

insisted that service had already been properly made.  This weighs against a finding of

"good cause."  See Hutchinson v. New York State Correctional Officers, 2003 WL

22056997, at *10 (S.D.N.Y. Sept.4, 2003) ("In particular the court should look to

whether the plaintiff was diligent in making reasonable efforts to effect service, including

but not limited to whether plaintiff moved under Fed.R.Civ.P. 6(b) for an extension of

time in which to serve the defendant." (internal quotations omitted)).

While the Court recognizes that Obot is entitled to some leeway because

she is proceeding pro se, that does not mean that she is free to operate outside the

well-established rules of procedure.  Ignorance of the law, even in the context of *pro se* litigants, does not constitute "good cause"under Rule 4(m).  <u>Novak v. National Broadcasting Co. Inc.</u>, 131 F.R.D. 44, 45 (S.D.N.Y.1990).  As the Supreme Court held in dismissing a complaint brought by an inmate proceeding *pro se*, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

The Court further notes that Obot has not claimed that she will somehow be prejudiced if this action is dismissed without prejudice.  For example, she has not alleged that she will be barred from refiling the action by any applicable statute of limitations.  Again, this weighs against a finding of "good cause."

**3.     *Whether Further Development of the Record is Necessary***

The record is clear that plaintiff failed to effect proper service.  There is nothing that plaintiff could submit at this point that would cure or excuse the defect. Thus, further development of the record is unnecessary

6

**CONCLUSION**.

For the reasons stated herein and in the Court's Order of May 6, 2005, the Court dismisses this action, without prejudice, pursuant to Rule 4(m), for failure to effect timely service of process.  The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 17, 2006